AUSA: Christopher Varner 313 226 9684
Agent: Jessica Wettle-Thompson 734 941 6180 x 115

Criminal Complaint

# United States District Court

EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

SALCEDA, Natividad

Case: 2:15-mj-30198
Judge: Unassigned,
Filed: 04-22-2015 At 12:13 PM
USA V NATIVIDAD SALCEDA (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about 21 April 2015 in WAYNE County, in the EASTERN District of MICHIGAN defendant did,

| Code Section | Offense Description |
|---|---|
| 18 USC 1001(a)(2) | False Statements |
| 18 USC 1546(a) | Fraud and misuse of visas |
| 8 USC 1325 (a)(3) | Improper entry by an alien |

This criminal complaint is based on these facts:

On or about 21 April 2015, at or near the Detroit Metropolitan Airport, the Defendant applied for admission to the United States using a non-immigrant visa. The subject knowingly and admittedly gave false information to gain entry into the U.S. by obtaining and presenting a fraudulent admission stamp, alleging she departed the U.S. when in fact she had not.

☐ Continued on the attached sheet.

Complainant's signature
J. Wettle-Thompson, CBPO(E)
Printed name and title

Sworn to before me and signed in my presence.

Date: 22 APR 2015
City and state: Detroit, MI

Judge's signature
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE: Natividad Salceda

## AFFIDAVIT OF
## Customs and Border Protection Officer

Jessica L. Wettle-Thompson, Customs and Border Protection Enforcement Officer
City of Detroit
State of Michigan

I, Jessica L. Wettle-Thompson, being duly sworn state the following:

1. I am a Customs and Border Protection Enforcement Officer with the Department of Homeland Security. I am assigned to the Officer's branch of Detroit Metropolitan Airport with offices located at 2596 World Gateway Place, Building 830 Detroit, MI 48242. I have served with the Immigration and Naturalization Service and its successor, Customs and Border Protection, since February 2002. I have successfully completed the Customs and Border Protection Officers Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have also earned my certificate for completing the Customs and Border Protection Enforcement Officer Training Program at the Advance Training Center in Harpers Ferry West Virginia. I investigate violations of the Immigration and Nationality Act and the United States Criminal Code as part of my regular duties. This affidavit is submitted in support of a finding of probable cause and is, therefore, a summary of facts known to me.

2. On or about April 21, 2015, Natividad Bondad SALCEDA, here after known as Defendant, arrived at Detroit Metropolitan Airport from Seoul, Korea originating in Manila, Philippines. Defendant presented herself as a non-immigrant holding B1/B2 visitor's visa foil number XXXX8936 and valid Philippines passport numbered XXXX8380.

3. While being interviewed at Primary Inspection Booth, the Defendant was a match to a fingerprint match alert, alleging she was an over-stay on a prior entry.

4. Defendant was referred to Passport Control Secondary and a preliminary inspection was conducted by CBP Officer Phipps. When asked about her previous entry into the United States Defendant stated she had arrived in the U.S. in September 2007 and when asked how long she stayed on this trip she stated "two months". When asked again, the Defendant stated, "I don't remember. Can I look in my passport? I think maybe I left in February 2008."

5. While in Passport Control Secondary, computer queries were conducted in ADIS that showed Defendant was admitted to the United States as a B-2 visitor on 28 SEP 2007 at

San Francisco, California airport with an admission period valid until 28 MAR 2008. It was also determined the Defendant had filed an extension of stay (XXXXXXX0449), which was approved, making her admission valid until 28 SEP 2008.

6. The Arrival Departure Information System, or ADIS, was used to determine when the subject last departed from the United States. The Arrival Departure Information System, or ADIS, tracks every time that a person travelling to and from the United States makes a reservation and when they physically board the plane, to arrive in or depart from, the United States. The subject did not depart the United States until 09 OCT 2010.

7. Defendant was read her Miranda rights by CBP Enforcement Officer Miller and witnessed by CBP Enforcement Officer Wettle-Thompson. Defendant acknowledged that she understood her rights both verbally and in writing at 3:45 PM. At 3:52 PM the Defendant waived her right to counsel.

8. Defendant initially stated that she arrived in the U.S. on or about March of 2007 and departed the U.S. approximately five months later. Specifically, the Defendant stated she spent one month in California, one week in Reno, Nevada, two days in Las Vegas, Nevada, two days in Phoenix, Arizona, one month in Austin, Texas, one week in San Antonio, Texas, one week in Dallas, Texas, and one week in California before departing to the Philippines.

9. Defendant was advised according to CBP records it appeared that she did not depart the United States until 09 OCT 2010. Defendant acknowledged she was unlawfully present and did not depart the United States until this date.

10. The Defendant was confronted with a Philippines admission stamp, on page 18 of her expired Philippines passport, showing she arrived to the Philippines on 02 FEB 2008. Defendant admitted that she obtained this stamp on 09 OCT 2010, when she arrived back to the Philippines. Defendant stated that she asked the Philippines Immigration Officer to backdate her passport and she gave the Officer $50 USD. Defendant acknowledged she was not admitted to the Philippines on 02 FEB 2008, contrary to the stamp.

11. Based on my training and experience as a Customs and Border Protection Enforcement Officer, and the information contained in this affidavit, I believe that there exists probable cause to believe that the applicant has committed violation of sections: 8 United States Code 1325(a)(3), 18 United States Code 1001(a)(2), and 18 United States Code 1546(a). In that she attempted to enter or obtain entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact. To wit: provided a Philippines passport with a back dated arrival stamp to a Customs and Border Protection Officer to gain Entry into the United States, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Department of Homeland Security, Customs and Border Protection, in that she made a materially false statement concerning her time inside the United States by stating she departed the U.S. on 02 FEB 2008 to conceal the fact she overstayed the admission period granted by the Department of Homeland Security.

Jessica L. Wettle-Thompson
Enforcement Officer
United States Customs and Border Protection

Sworn and subscribed before me this
22nd day of April 2015

United States Magistrate Judge